Judge Marshall

delivered the opinion of the Court.
The order of the county court, appointing J. Woods, administrator, with the will annexed, though defective and erroneous, in not stating that the executors named in the will had refused to qualify, is not, therefore, necessarily void, but is valid, if the fact be that the executors refused to qualify. Whether this fact, though not stated in the order, should, or should not, be presumed in favor of the jurisdiction of the county court, in such cases, it may be proved where the validity of the order comes collaterally in question, as was decided in the somewhat analagous case of Singleton vs. Cogar, 7. Dana 479. And in this case there is enough, independently of any presumption arising from the act of the court itself, to prove that the executors had in fact declined qualifying as such. We are inclined to the opinion, however, that in the absence of all proof, the fact might be presumed, in a collateral proceeding, in favor of the jurisdiction. It is scarcely necessary to say that, the defect in the bond executed by the administrator with the will annexed, and accepted by the county court, did not vitiate his appointment, nor invalidate his acts. And as the will of John Watts directed his land and other property to be sold, the power of making the sale was con *103 ferred upon the executors, and, by operation of law, devolved upon the administrator with the will annexed.
We are, also, of opinion, that the power of sale, or the direction to sell, in the will, carried with it the power to make a valid transfer of such title as the testator had, and that a proper sale and conveyance by the executors, or the administrator cum testamento, would, of its own force, divest any such title as had come to the heirs of the testator by descent. And where the testator had only an equitable title at his death, which has been perfected by a conveyance of the legal title to his heirs, we do not doubt that the sale and transfer by the administrator, if it do not actually transfer the legal title from the heirs, would give the purchaser a right to have it, and authorize the Chancellor to decree it to, him.
In this case, the testator appears to have held the legal title to one hundred and ten acres of land, by deed not proved and recorded in time, and to have commenced a suit in Chancery, against the grantor, for the purpose of obtaining another deed, which might be recorded. He died during the pendency of this suit, which was afterwards revived, and terminated in a decree for conveyance to his children, according to the interests devised to them by his will. The conveyance actually made, declares the land to be subject to the disposition made or directed by the will, and we are inclined to think, that, under all these facts, the conveyance of the administrator would pass the legal title. But, as the said conveyance may create some embarrassment, and as, by the contract between the administrator and Peebles, the administrator was to convey the one hundred and ten acres, and also to assign a bond held by the testator, for twenty-five acres additional when the purchase money should be paid; and, as he has never tendered an executed conveyance or asssignment, we are of opinion that, this bill, which prays for a specific execution of the contract, as far as it can be had, and a rescission as to the residue should not have been dismissed, nor the injunction dissolved, nor the case finally disposed of, without providing for the conveyance of the one hundred and ten acres, and the assignment of the bond for the twenty-five acres, by the *104 administrator; and also, for a release by the heirs, (all of whom are parties,) of such title as may have come to them by the conveyance to them above mentioned.
With regard to the twenty-five acres covered by the bond aforesaid, we are of opinion, that the administrator undertook nothing more than to assign the bond, and all benefit thereof; and there being no difficulty in making such assignment, there is no ground for rescinding the contract to that extent. Whether Peebles can obtain a legal title, by means of said bond, or otherwise hold the twenty-five acres, are questions not material in this case; nor are we called on to determine any question as to the liability of the obligor, in said bond. But for the error above noticed, the decree is reversed, and the cause remanded, for further proceedings, as above directed.